PEDRO ANGEL PEREIRA, Plaintiff and Appellee, *v.* COMMERCIAL TRANSPORT Co. INC., Defendant and Appellant.

No. 10014. Argued December 1, 1949.—Decided December 9, 1949.

*Angel Fernández Sánchez* for appellant.   *A. Figueroa Rivera* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

This is a suit for damages.   The lower court rendered judgment for the plaintiff and ordered the defendant to pay to the former the following sums of money: $400 as the cost of the repair job and parts for his automobile; $75 paid to a nurse; $200 for two weeks during which the plaintiff did not work; and for the injuries and wounds, acute pains and moral sufferings: $100 as to the plaintiff, $500 as to his wife, $200 as to his son Peter and $100 as to each of his daughters Haydée and Dora; plus costs and $100 as attorney's fees.

Feeling aggrieved by the judgment, the defendant appealed and contends herein that the lower court committed twelve errors, which may be reduced to two: error in the weighing of the evidence and in granting the afore-mentioned amounts.

The lower court made the following findings of fact:

"On January 29, 1947, between ten and half past at night, the plaintiff while returning with his wife and three children from a visit to a sick woman in a ward of Cayey, was driving his automobile, an Oldsmobile, 1940 model, number 6484.

While coming down from Cayey to Caguas, upon arriving at kilometer 42, hectometer 3 of highway number one, in the jurisdiction of Caguas, Puerto Rico, the trailer truck T–152 was coming up in the opposite direction, zigzagging. Before meeting the truck, plaintiff stopped his automobile to the right, dimming the lights, causing most of the car to stand on the ground outside of the pavement. The truck of the defendant Commercial Transport Co. Inc., driven by Julio Rodríguez Cosme, swerved from its right side, and zigzagging towards the left, ran against the left side of plaintiff's automobile, dragging it a short distance down to some flamboyant trees alongside the highway, part of the front left end of the truck being wedged into the left side of the automobile, entirely destroying the left stepboard, denting the hood, the rear left fender and the left door, and loosening and unleveling the chassis. At the time of the accident, Julio Rodríguez Cosme was an employee of the defendant in the discharge of the duties of his employment and in furtherance of the business of the Commercial Transport Co. Inc., whose president at that time was, and actually is, Mr. Juan de Dios Colón.

"As a result of the accident, Dolores Rodríguez, plaintiff's wife, received slight bruises on the chest and head, the nurse Evarista Donis de Maldonado having to take care of her at the patient's house for three consecutive nights and for another week, during the day. The girl Haydée Pereira Rodríguez suffered bruises on her left leg and arm, a small wound on her left knee, having received camphor treatment and rub-downs. The boy Peter Pereira Rodríguez suffered bruises on his right arm and a piercing wound which required treatment. He was also given antitetanic serum and was in pain and somewhat nervous for several days. The girl Dora Ina Pereira Rodríguez received bruises on her legs and arms and suffered physical pains. The plaintiff Pedro Angel Pereira suffered bruises on his left arm, right leg and on his back, enduring physical pains and having to be absent from his position as Construction Inspector of the Long Construction Company during two weeks.

"The plaintiff paid nurse Evarista Donis de Maldonado $75 for services rendered, he failed to receive $200 during his two-week absence from work, at the rate of $100 each week, and had to pay for the mechanical, saddlery and upholstery work, and for the parts he bought to repair his automobile, which we deem in $400."

We have minutely examined the evidence presented by the parties and, except as to the particulars we shall set forth further on, we believe that it supports said findings.

■ Appellant argues that it was not proved that the trailer truck of the defendant which caused the damages was specifically truck T-152, property of the defendant. However, plaintiff's as well as defendant's evidence showed, leaving no room for doubts, that it was a trailer truck property of the defendant, driven by his chauffeur Julio Rodríguez Cosme, which had an accident on the night of January 29, 1947 on the road between Caguas and Cayey, colliding with plaintiff's automobile. The fact that the witnesses did not specify that it was trailer truck T-152 the one which collided, does not alter the proved fact that it was a trailer truck of defendant which caused the damages.

Appellant is correct in maintaining that he should not have been ordered to pay $200 to plaintiff for the two weeks during which he said he had not worked. Plaintiff's testimony shows that he was paid for those two weeks. In fact, after testifying that he earned $100 weekly from the Long Construction Corporation and that during two weeks after the accident he "reported himself" at his work and then went home, the judge asked him: "Were you paid during those two weeks?" And he answered: "Well, I am a 'weekly employee,' *I received my salary.*" (Italics ours.)

■ Appellant argues that it was not proved that at the time of the accident the chauffeur Julio Rodríguez Cosme was his employee and that at the time he was in the course of his employment as such, since it was not proved that the trailer truck T-152 was the one which collided and caused the damages and it is specifically this truck to which the court refers in its findings. We have already said that in spite of the fact that the vehicle of the defendant was not identified as truck T-152, it was nevertheless proved that a trailer truck of the defendant, driven by Julio Rodríguez Cosme, was the

one which caused the damages.[1]   And we have already decided that "Proof that the defendant was the owner of the automobile which caused the damages on the day of the accident establishes the presumption *juris tantum* that the person driving it on that day was an employee or agent of the defendant, and that he was acting within the scope of his employment."   *Lotti* v. *The Charles McCormick Lumber Co.,* 51 P.R.R. 323.   See also,' *Morales* v. *Otero,* 53 P.R.R. 542; *Aponte* v. *Palacios,* 55 P.R.R. 674; *Morales* v. *Delia Mejías, Inc.,* 63 P.R.R. 672.   The presumption *juris tantum* that the chauffeur who drove the truck of the defendant was his employee and in the course of his employment, was not refuted in this case.   On the contrary, there was evidence to the effect that the truck carried a load of steel slabs destined to Central Mercedita of Ponce.

██ In regard to the sums for compensation, we believe that the sum of $500 for the damages and sufferings of plaintiff's wife is excessive.   The lower court itself admits that it was proved that she suffered "slight bruises on the chest and head" without any serious consequences whatever.[2]   It should be reduced to $200.   In like manner, the sum of $200 granted for the damages caused to the boy Peter should be reduced to $100, for the only thing proved was that he received a wound and had to receive an antitetanic injection.

The judgment will be modified in the sense indicated in this opinion, and thus modified, it will be affirmed.

ON MOTION FOR RECONSIDERATION

ORDER

San Juan, Puerto Rico, January 18, 1950.

██ In view of the foregoing motion for reconsideration, considering the case of *Reyes* v. *Aponte,* 60 P.R.R. 867, 873,

---

[1] It was furthermore proved that said chauffeur was completely intoxicated, that he ran away with the truck and was arrested in Cayey by the police.

[2] The only treatment she received, according to the nurse, consisted in the application of ice bags, and the administration of rubdowns and aspirins.

our judgment of December 9, 1949, rendered in this case, is modified to the effect of granting to the plaintiff, as he is hereby granted, the sum of $200 as salaries.

It was so ordered by the Court as witness the signature of the Chief Justice.

Mr. Justice Todd, Jr., dissented.